UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATHER BUTT,<br><br>        Plaintiff,<br>v.<br><br>SEAN O'KEEFE,<br><br>        Defendant. | Civil Action No. 04-2256 (JR) |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of defendant's motion to dismiss. Having considered defendant's motion, plaintiff's opposition, and the entire record of the case, the Court will dismiss the complaint for lack of subject matter jurisdiction.

I. BACKGROUND

Plaintiff alleges that he invented a "supersonic/hypersonic aircraft" and shared this invention the National Aeronautics and Space Administration ("NASA") in 1989 by sending an unsolicited description of the invention to NASA's director. Compl. at 1, 3. Although defendant showed no interest in his submission, plaintiff alleges that NASA has developed a new aircraft that could not have been made without using plaintiff's ideas. *Id.* at 4-5. Plaintiff demands compensation in an amount to be determined after NASA accounts for its use of and benefit derived from plaintiff's invention. *Id.* at 7-8.

II. DISCUSSION

The Court construes the complaint as raising a claim against the United States for breach

of implied contract. The Tucker Act provides the exclusive remedy for contract claims against the government. *See Transohio Savs. Bank v. Dir., Office of Thrift Supervision*, 967 F.2d 598, 609 (D.C. Cir. 1992); 28 U.S.C. § 1491. It provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Court of Federal Claims, then, has jurisdiction over plaintiff's implied contract claim for monetary relief.[1] *See Shaffer v. Veneman*, 325 F.3d 370, 372 (D.C. Cir. 2003) (claim of breach of settlement agreement with Dep't of Agriculture was contract claim over which Court of Federal Claims had jurisdiction).

### III.  CONCLUSION

For the reasons stated herein, the Court concludes that it lacks subject matter jurisdiction. Accordingly, the complaint will be dismissed without prejudice. An Order consistent with this Memorandum Opinion is issued separately on this same date.

JAMES ROBERTSON
United States District Judge

---

[1] Federal district courts and the Court of Federal Claims have concurrent jurisdiction if the claim does not exceed $10,000. *See* 28 U.S.C. § 1346(a)(2). The complaint demands no specific dollar amount. Rather, plaintiff demands an accounting so that the court can determine the appropriate compensation. *See* Compl. at 7-8. The Court presumes that plaintiff's invention, if it is indeed valuable aerospace technology, is worth more than $10,000.